**BRYAN et al. v. STROUSS et al.**

No. 3723.

Court of Civil Appeals of Texas. El Paso.

Oct. 6, 1938.

Rehearing Denied Nov. 3, 1938.

Lee R. Stroud, of Dallas, for appellants.

Hamilton, Lipscomb, Wood & Swift and Ralph Wood, all of Dallas, for appellees.

WALTHALL, Justice.

This is a suit instituted by Minnie L. Bryan and husband, E. P. Bryan, in the 101st District Court of Dallas County, Texas, by an original petition filed May 17, 1937. The appellants sought an injunction against Mrs. Bessie Strouss, a widow, and Emil Corenbleth, as Trustee under a deed of trust, to prevent them from selling certain property belonging to appellants securing a loan to them from Mrs. Bessie Strouss, in accordance wtih the terms of the deed of trust.

Appellants pleaded the invalidity of the notice of sale, that the property was their business homestead, and third, that the loan was usurious.

A temporary restraining order was issued causing the trustee's sale to be postponed, and the validity or invalidity of the trustee's notice went out of the case.

The defendant, Mrs. Bessie Strouss, duly filed her answer and cross action, the answer consisting of a general demurrer, a general denial, a special denial that the property was the business homestead of the plaintiff, E. P. Bryan, or was used as such by him, and a plea of estoppel to the effect that the appellants represented to appellee that at the time of the making of the loan in question the property was not the business homestead of E. P. Bryan, but was rent property, and that appellee relied upon said representations and was induced to make the loan by reason thereof. The cross action was for the establishment of the debt due by Bryan to appellee and for foreclosure of the lien securing same.

Appellants filed a supplemental petition consisting of general and special demurrers to appellee's answer and cross action, and reiterated the facts as originally set out in their original petition.

The case was tried to a jury and upon the answers of the jury to special issues submitted to them by the court, judgment was rendered against appellants on their action and in favor of the appellee upon her cross action. This suit is now before this court upon the appeal of appellants.

Opinion

The jury found from a preponderance of the evidence that the loan of $2,000

made by Mrs. Bessie Strouss to E. P. Bryan was induced by the representations of E. P. Bryan and wife, Minnie L. Bryan, contained in the deed of trust executed by them securing said loan that the property therein was not then and never had been their homestead or any part thereof; that E. P. Bryan was not actually occupying and using the property described in the deed of trust at the time of its execution.

 Appellants pleaded in substance that the loan was usurious because Mrs. Strouss, the lender, held out as interest the sum of $70 from the $2,000, and that she got the benefit of it; that the sum held out added to the eight percent expressly provided for in the face of the instrument exceeded the legal rate of interest.

The evidence sufficiently shows that the $70 was paid to another party at the request of Mr. Bryan as his commission for securing the loan. There is no evidence in the record that Mrs. Strouss received any part of the $70 or knew of such payment being made. The jury found that the $70 was not a charge for the use or detention of the money loaned.

Appellants complain of the absence of the trial judge from the court room during a part of the time the case was being argued before the jury. We have carefully reviewed the evidence on that proposition and have concluded it presents no reversible error.

The case is affirmed.